Green, J.
delivered the opinion of the court.
This is an attachment bill brought by the complainants against the defendant Adams, who is a non-resident of this State, and against the other defendants, who have effects of the said Adams in their hands. These effects were placed in the hands of Dudley by a letter of attorney, executed by Adams, and Dudley conveyed the property in trust for the payment of certain preferred creditors of Adams. The complainants were provided for in the deed, but certain other creditors preferred; and they bring this bill to attach the property, and to declare the deed fraudulent and void.
Adams was a merchant of Clarksville, and being about to leave this country for California, he executed on the 22d May, 1849, a power of attorney to N. B. Dudley, authorizing him to collect all debts, and execute acquittances, to arbitrate or compromise with debtors or creditors, and do all other things, that may be necessary in winding up his business. He was also authorized to sell a lot of land in Clarksville, of eight acres, to rent the same, or “to mortgage or convey said land •for the payment of debts.” He was also authorized to sell *284 whatever other property the said Adams owned, and to transact all business of every kind in his absence; and “to pay over the purchase money realized from the sale of any or all my property, to creditors of every kind.” And finally, he was authorized to endorse notes in payment of debts, to renew notes in Bank, &c.
On the 25th June, 1849, said Dudley executed a deed, by virtue of said power, to David Browder for the said land, and all the notes, and accounts due to said Adams, in trust, to secure and pay in the first place, several specified creditors, and then to pay all the debts of said Adams. A number of debts are therein set forth, among which are those due to the complainants ; and all other creditors not named are to come in and share with those last named. The following-condition is then set forth, viz: “There is one condition on which my cred-itprs shall receive any benefit from this deed, and that is, that they are not to bring any suit against me, my property, estate, or debtors, and it is expressly understood that if any of them do sue in any way, then they shall forfeit all interest in this deed, and my trustee in that event is not to pay him or them so suing, any thing, but shall pay the same over to my other creditors.” The deed authorized the trustee to sell at either public or private sale, for cash or on credit, as he might think proper.
The complainants insist, 1st., That Dudley had no power to convey this land to a trustee; that as to the land, the power is special, and authorized only a sale or mortgage, but did not authorize the attorney to convey to a trustee. In the case of Bennet vs. Union Bank, 5 Hum. R. 615, this court held that a deed of trust was but a mortgage, with power to sell. If this power to sell be an appropriate incident of a mortgage, the agent to mortgage, would have the right to annex to the mortgage' power to sell. 7 Johns, Ch. R. 32.
But in this case there seems to have been no intention to *285 restrict the attorney to any particular mode of conveyance. The words are, “He is also authorized to mortgage or convey said land for the payment of any of my debts.” The object was to dispose of the land for the payment of his debts. To “mortgage or convey,” imply that any conveyance might be made which would effectuate the object, the payment of the debts.
2d. It is next objected to this deed that it authorizes the trustee “to sell publicly or privately, for cash or on a credit.” This power to sell upon credit, it is insisted may be used to hinder and delay creditors by a sale at long credit, in addition to the delay in collecting the purchase money. We do not think a deed of trust, stipulating lhat in default of payment, the property should be sold upon a credit, would be fraudulent for that reason.
This court held, in Mitchell vs. Beal, 8 Yerg. R. 134, that a stipulation for a reasonable delay before a sale, such as would not exceed the law’s delay, would not be fraudulent. The creditors entitled to the surplus, would not be injured, if the delay were not greater than that which according to the forms of law they could obtain a judgment for their debts. Upon the same principle, the stipulation for a reasonable credit could do no injury.
The practice of the country is to sell land on a credit, and it is known that land sold for cash is almost always sold at a sacrifice. Courts of chancery in this state uniformly order mortgaged estates to be sold on a credit. It cannot, therefore, be fraudulent to stipulate in the deed for such terms as a court of equity without any stipulation would enforce. The case of Meacham vs. Steins, 9 Paige’s R. 405, was not a question whether such power might be given in the deed, but it was, whether the trustee had any discretion to exercise the power.
3d. It is next objected; that the preference given to certain favored creditors in the deed, and the condition, excluding from *286 its benefits all who may sue, are unauthorized by the power of attorney. And we think this objection to the deed is well founded. Indeed, if Adams himself had executed the deed, the condition, to exclude all creditors from its benefits who should bring suit for their debts, would, according to the New York authorities, be fraudulent and void. Such a condition is calculated and intended to deter creditors from attacking the deed, lest they lose the benefit of its provisions. Many of the debts may be due by simple contract, and their existence may depend upon parol proof. A suit may be indispensable to establish a debt, and yet the deed provides that if any suit be brought, the creditor so suing, shall forfeit all benefit to a distribution-under the deed. This is a hinderance to creditors in the recovery of their just demands. Barnum vs. Hampstead, 1 Page’s R. 570. It not only imposes on them the necessity of acquiescing in the operation of the deed, but it places them at the mercy of the trustee. They must take what he chooses to pay; or, if they refuse, and sue, they get nothing. But in the case before us the deed is executed by an attorney in fact. It must therefore depend upon the letter of attorney for its validity, and the extent of its operation. If there are provisions and stipulations in the deed, not warranted by the letter of attorney, such stipulations and conditions, being an excess of authority, would be void, and have no effect, but the deed in other respects would be valid. So far as the attorney acted under and in pursuance of the power, his acts became the acts of the principal; but in the insertion of conditions not warranted by the power, his acts are not those of the principal, and are void.
In this case we think that not only the condition in question, but the preference which is given in the deed to one portion of the creditors over others, is inconsistent with the scope, purpose, and object of the power. The power prescribes that the attorney should “pay over the purchase money realized *287 from the sale oí any or all the property, to creditors of every kind.” This language implies that no preferences were to he given. It is urged that as the attorney was authorized to pay debts by the sale of property, or the assignment of notes, he might have paid some in preference to others ; and upon the same reasons he might provide in the deed for a preference. We do not think that the conclusion follows. It is true that he might have paid the debts as he could realize the means, and as creditors might present themselves, but he had no right to dictate to them terms upon which alone they should be paid. And when he came to make a deed to secure the creditors, the direction of the power to pay creditors of every kind, required an impartial pro rata distribution of the effects among them all, without distinction. We think, then that the deed is valid, except as to the preferences it gives, and the conditions it implies, and so far, we modify the chancellor’s decision.